### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **JEROME THOMAS WATKINS,** § | |
| § | |
| § | |
| **Movant,** § | |
| § | |
| V. § | NO. 4:25-CV-352-O |
| § | (CR No. 4:21-CR-180-O) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Respondent.** § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Movant, Jerome Thomas Watkins, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response (which is in the form of a motion to dismiss or transfer), the record, and applicable authorities, concludes that the motion should be **DISMISSED** as a second or successive motion filed without leave.

**I.     BACKGROUND**

On September 8, 2021, Movant was named in a four-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846; in count two with possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); in count three with possession of a firearm in furtherance of a drug trafficking crime, in

violation of 18 U.S.C. § 924(c)(1)(A)(i); and, in count four with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR ECF No.[1] 23. Counts one and two additionally alleged that before Movant had committed the offense charged in that count, he had final convictions for serious drug felonies described therein. *Id.* Movant was convicted by a jury of the offenses charged in counts 1, 2, and 4, and acquitted on count 3. CR ECF No. 49.

The Court sentenced Movant to terms of imprisonment of 360 months as to counts 1 and 2, and a term of imprisonment of 120 months as to count 4, all to run concurrently. CR ECF No. 70. Movant appealed, CR ECF No. 76; however, his attorney failed to prosecute the appeal and it was dismissed. Movant filed a motion under § 2255, which was assigned Case No. 4:23-CV-444-O (the "First Motion"). The sole ground raised was that Movant received ineffective assistance of counsel because counsel failed to prosecute the appeal and it was ultimately dismissed. The government agreed that Movant should have an opportunity to proceed with his appeal. The Court dismissed the First Motion without prejudice and reinstated the judgment of conviction so that Movant could pursue an appeal. CR ECF No. 91. Movant again filed a notice of appeal. CR ECF No. 92.

On appeal, Movant argued that the Court had "plainly erred by allowing the jury to determine incarceration-related facts regarding his prior drug-trafficking convictions," and plainly erred in treating him as a career offender because his prior conviction for conspiracy to distribute controlled substances was not a "controlled substance offense" within the meaning of the sentencing guidelines. The United States Court of Appeals for the Fifth Circuit rejected both of these arguments. *United States v. Watkins*, No. 23-10702, 2024 WL 138609 (5th Cir. Jan. 12,

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:21-CR-180-O.

2024).

## II.   THE § 2255 MOTION IN THIS CASE

On April 1, 2025, Movant filed a bare-bones motion setting forth two grounds, alleging that he received ineffective assistance because counsel: (1) failed "to investigate matters surrounding suppression of the search warrant," and (2) failed to file "a motion to suppress regarding the search warrant prior to trial." ECF No.[2] 1 at 4, 5. In the "supporting facts" section following each ground, Movant put "See Forthcoming Memorandum of Law." *Id.* The next day, Movant filed a motion for additional time to file a memorandum of law. ECF No. 3. The Court granted the extension of time but cautioned that the government would have the right to assert any defense that might be appropriate, including limitations. ECF No. 4. Movant then filed a second motion for extension of time to file his memorandum. ECF No. 5. Again, the Court granted the extension but cautioned that the government retained the right to assert any defense, including limitations. ECF No. 6. On May 5, 2025, Movant finally filed his memorandum, after the one-year period of limitations had passed.

## III.   APPLICABLE LEGAL PRINCIPLES

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

3

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV.  ANALYSIS

A subsequent § 2255 motion is successive when it raises a claim that was or could have been raised in an earlier motion that was adjudicated on the merits. *United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015); *Graham v. Johnson*, 168 F.3d 762, 773 n.7 (5th Cir. 1999). Here, Movant's first motion raised ineffective assistance of counsel and there is no reason that the grounds asserted here could not have been included since they would have been known to Movant at the time. And, indeed, the Fifth Circuit has determined that in a case like this, where failure to pursue an appeal was the sole issue raised in a prior § 2255 motion, a further motion under § 2255 after the appeal is a second or successive motion requiring leave of the appellate court to pursue where it presents allegations of pretrial ineffective assistance. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867–71 (5th Cir. 2000). "[Movant's] claims relating to his counsel's performance

4

at trial occurred before he filed his initial habeas motion . . . ; he could have alleged those claims in that [prior] motion, but failed to do so." *Id.* at 869. Thus, dismissal of the motion is appropriate. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **16th day** of **July, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE